Case 1:03-cr-00537-RJD Document 266 Filed 02/27/09 Page 1 of 4

EDNY/BKNY
03-cr-537
Dearie

MANDATE
07-2301-cr (Lead), 07-2366-cr (Con)
USA v. Marcano (Draper)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand and nine.

PRESENT:  HON. JON O. NEWMAN,
          HON. GUIDO CALABRESI,
          HON. SONIA SOTOMAYOR,
                    *Circuit Judges.*

UNITED STATES OF AMERICA,

        *Appellee,*

-v.-

    No. 07-2301-cr(Lead), 07-2366-cr(Con)

CORNEILUS DRAPER, LEDRELL HART,

        *Defendants-Appellants.*

| For Appellee: | ELIZABETH GEDDES, Assistant United States Attorney (Susan Corkery, *of counsel*) *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, New York. |
|---|---|
| For Defendants-Appellants: | MICHAEL GOLD, New York, New York, *for Defendant-Appellant* Corneilus Draper; HARRY C. BATCHELDER, JR., New York, New York, *for Defendant-Appellant* Ledrell Hart. |

(FILED JAN 20 2009, United States Court of Appeals, Second Circuit, Catherine O'Hagan Wolfe, Clerk)

1


ISSUED AS MANDATE: 2-13-09

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED in part, REVERSED in part, and REMANDED.

Defendants-appellants Ledrell Hart ("Hart") and Corneilus Draper ("Draper") appeal from judgments of conviction entered on May 23, 2007 and May 24, 2007, respectively, following a jury trial in the United States District Court for the Eastern District of New York (Dearie, J.) on the following witness retaliation, witness tampering, narcotics, and firearm charges: conspiracy to retaliate against a witness, in violation of 18 U.S.C. § 1513(b)(2), (f); retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(2); conspiracy to tamper with a witness, in violation of 18 U.S.C. § 1512(a)(2)(C), (k); tampering with a witness, in violation of 18 U.S.C. § 1512(a)(2)(C); conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846; possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

Hart and Draper challenge the firearm and narcotics convictions by arguing that the government's main witnesses, Clinton Davy ("Davy") and Jamil Bannister ("Bannister"), were "incredible as a matter of law." In turn, both assert the evidence adduced at trial was insufficient to support the convictions.

Davy's and Bannister's testimony, however, was not "so incredible that no reasonable

---

[1] Here we address only Hart's and Draper's challenges to the firearm, narcotics, and witness tampering convictions. In a companion published opinion we reverse the remaining witness retaliation convictions, consider the applicability of the firearm convictions to their sentences based on our recent decision in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and remand to the district court for resentencing.

2

juror could believe" it. *United States v. Shulman,* 624 F.2d 384, 388 (2d Cir. 1980). Both men testified specifically that Hart and Draper sold narcotics and possessed firearms in connection with their narcotics enterprise. This testimony was later corroborated by police searches, which discovered firearms and narcotics hidden in mailboxes where Davy and other testifying witnesses said the items would be located. Moreover, a number of other witnesses testified that even though they were not formally employed, Draper and his associates wore expensive clothing and drove luxury cars. In light of this evidence, a rational juror could have concluded beyond a reasonable doubt that Hart and Draper were guilty of conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, and possession of a firearm in relation to a drug trafficking offense. *See United States v. Schwarz,* 283 F.3d 76, 105 (2d Cir. 2002) ("Appellants . . . must establish that, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt.").

The evidence presented at trial was also sufficient to support the witness tampering charges under § 1512(k) and § 1512(a)(2)(C). Here, Hart and Draper believed Davy was advising law enforcement about Wesley Thomas's murder, a federal offense. *See United States v. Lopez,* 372 F.3d 86, 91 (2d Cir. 2004), vacated for reconsideration on other grounds, 544 U.S. 902 (2005) (sustaining a witness tampering charge requires, in part, that the government show that the conduct the defendant believed would be discussed by the witness constitutes a federal offense). Indeed, when co-defendant Cory Marcano ("Marcano") was asked about the Thomas murder during a police interview, he replied that he believed Davy had implicated him. At one point, Marcano confronted Davy directly and expressed fear that Davy would "give him up." When Davy was later beaten, Hart and Draper then accused him of "snitching" on Marcano.

3

Marcano had also communicated to Hart and Draper that he wanted Davy killed because of his cooperation with the police.

Further, because federal agents joined in questioning Marcano in December 2002, five months before the attack on Davy, there is evidence of an on-going federal investigation at the time of the assault. This fact serves as valid "additional appropriate evidence," which, in addition to showing the conduct Hart and Draper believed Davy discussed with authorities was a federal offense, may prove that "at least one of the law-enforcement-officer communications which the defendant sought to prevent would have been with a federal officer." *See id.* (explaining that such proof is required to sustain a witness tampering charge). That Davy met with federal prosecutors just two days after the beating is also indicative of continuing federal involvement. Thus, based on this cumulative testimony, a "rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *United States v. Gagliardi,* 506 F.3d 140, 149–50 (2d Cir. 2007) (internal quotation marks and citations omitted).

For the foregoing reasons, the convictions on Counts Seven, Eight, Nine, Ten, and Eleven relating to the witness tampering, narcotics, and firearm charges are AFFIRMED; for the reasons stated in the companion published opinion, the convictions on Counts Five and Six relating to the witness retaliation charges are REVERSED; and we remand for resentencing. Judgments AFFIRMED in part, REVERSED in part, and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
By: [signature]

[signature: Ralph ----]

4